UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BARBARA ENGELS,

    Plaintiff,

v.   Case No.:  2:25-cv-726-SPC-NPM

JENNIFER MARIE GANTLETT,

    Defendant.
_____/

**ORDER**

Before the Court is Defendant Jennifer Marie Gantlett's Notice of Removal.  (Doc. 1).  For the reasons outlined below, Defendant must supplement the Notice.

A defendant may remove a civil action from state court if the federal court has original jurisdiction.  *See* 28 U.S.C. § 1441(a).  "The existence of federal jurisdiction is tested at the time of removal." *Adventure Outdoors, Inc. v. Bloomberg*, 552 F.3d 1290, 1294-95 (11th Cir. 2008); 28 U.S.C. § 1447(c).  And "a removing defendant bears the burden of proving proper federal jurisdiction." *Leonard v. Enter. Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002).  Because federal courts have limited jurisdiction, they are "obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999).

Defendant removed this action by invoking diversity jurisdiction. Federal courts have diversity jurisdiction over civil actions where there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a). Here, both the amount in controversy and diversity of citizenship are questionable.

To establish the amount in controversy, Defendant provides basically nothing. She mentions in passing that Defendant "was served with the Complaint and initial disclosures detailing that her alleged medical bills total $145,980.44." (Doc. 1 ¶ 6). But she doesn't bother to provide the disclosures or offer any other basic information, such as what injuries Plaintiff is claiming. All the Court knows about this case is it involves a motor-vehicle accident. In short, Defendant falls well short of establishing the amount in controversy. *See Eckert v. Sears, Roebuck & Co.*, No. 8:13-CV-2599-T-23, 2013 WL 5673511, at *2 (M.D. Fla. Oct. 17, 2013) (explaining "diversity jurisdiction depends on an actual and factually demonstrable amount-in-controversy in excess of $75,000").

As for diversity of citizenship, Defendant alleges that Plaintiff is a citizen of Florida because the complaint alleges that Plaintiff is a natural person "residing in Collier County, Florida." (Doc. 1 ¶ 1). Similarly, Defendant alleges she is an individual "residing" in Canada. (*Id.* ¶ 2). But "residency is not the

2

same as citizenship." *See Norvilus-Foreste v. Walmart Stores E., LP*, No. 2:23-CV-163-SPC-NPM, 2023 WL 2918599, at *1 (M.D. Fla. Apr. 12, 2023) (citing *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)). Rather, a person's citizenship is determined by his "domicile" or "the place of his true, fixed, and permanent home and principal establishment . . . to which he has the intention of returning whenever he is absent therefrom." *McCormick v. Aderholt*, 293 F.3d 1254, 1257–58 (11th Cir. 2002). So Defendant must establish both parties' domicile, not their residency.

The Court finds that Defendant fails to meet her burden of establishing the Court's subject-matter jurisdiction over this matter.

Accordingly, it is now

**ORDERED:**

On or before **August 22, 2025**, Defendant must **SUPPLEMENT** her Notice of Removal consistent with this Order. **Failure to do so will result in remand without further notice.**

**DONE** and **ORDERED** in Fort Myers, Florida on August 15, 2025.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record

3