**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

BARBARA ENGELS,
      Plaintiff,

v.                                                    2:25-cv-726-NPM

JENNIFER MARIE GANTLETT,
      Defendant.

---

### ORDER

To evaluate judicial recusal and diversity of citizenship, our Local Rule 3.03 requires each party in a civil action "to file a disclosure statement using the standard form from the clerk or the court's website." On August 19, 2025 (six days after the initiation of this case), we ordered each party to comply with this requirement "immediately." (Doc. 7 at 2). Three days later, defendant Jennifer Gantlett did so. Yet neither our order nor Gantlett's compliance with it prompted any action by plaintiff Barbara Engels.

Two months later, Engels filed the parties' Case Management Report. In that filing, she certified that she was familiar with Local Rule 3.03 and that she had filed the standard form. (Doc. 17 at 3, 5). But she had not, in fact, filed her Local Rule 3.03 disclosure. So, on May 15, 2026, we entered an order recounting this history and directing Engels to file her Local Rule 3.03 disclosure by May 18. As of today (three days after the deadline), Engles has neither requested relief from our May 15

order nor complied with it. All of this despite the fact that our August 19, 2025 order warns: "Parties or counsel who violate any court order or local rule may be subject to sanctions without further notice including default, dismissal, a fee-and-cost award to an opponent, and other monetary sanctions." (Doc. 7 at 12).

For Engels's failure to comply with Local Rule 3.03 as well as multiple orders directing her to fulfill the rule's directive, this action is dismissed without prejudice. *See Dynes v. Army Air Force Exch. Serv.*, 720 F.2d 1495, 1499 (11th Cir. 1983) (holding that a district court does not abuse its discretion by dismissing a case without prejudice, for even a single procedural violation, because the party may refile her complaint); *see also Link v. Wabash R. Co.*, 370 U.S. 626, 630-31 (1962) (under its authority to manage its docket, a court has "inherent power" to dismiss a case for lack of prosecution).[1]  This dismissal does not operate as an adjudication on the merits.

The **CLERK SHALL** enter a judgment dismissing this action without prejudice, deny any pending motions as moot, terminate all deadlines and scheduled events, and close the case.

**ORDERED** on May 21, 2026

_____

NICHOLAS P. MIZELL
United States Magistrate Judge

---

[1] Notably, Engels also failed to respond to multiple discovery motions in this action.